**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1791**

———————————

S.W.,

                    Plaintiff – Appellant,

          v.

PRESSLEY RIDGE,

                    Defendant – Appellee.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:25-cv-00054-JPB)

———————————

Submitted:  December 31, 2025                    Decided:  March 16, 2026

———————————

Before QUATTLEBAUM, HEYTENS, and BERNER, Circuit Judges.

———————————

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Quattlebaum and Judge Berner joined.

———————————

**ON BRIEF:** Stephen P. New, STEPHEN NEW & ASSOCIATES, Beckley, West Virginia, for Appellant. Mark A. Rush, Stefanie M. Lacy, Travis L. Brannon, K&L GATES LLP, Pittsburgh, Pennsylvania, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

The district court dismissed plaintiff's state-law tort claims under Federal Rule of Civil Procedure 12(b)(6). We affirm.

For nine months in 2004 and 2005, plaintiff lived at a residential treatment facility operated by defendant. The complaint asserts that, during that time, the then-15-year-old plaintiff experienced repeated and escalating sexual abuse by one of the facility's house counselors. Years later, plaintiff (now an adult) sued defendant, asserting four claims under West Virginia law: negligence; negligent supervision; negligent hiring, training, and retention; and breach of fiduciary duty. Defendant moved to dismiss those claims as time-barred by West Virginia's two-year personal injury statute of limitations. In response, plaintiff argued the claims were saved by a West Virginia statute that extends the normal limitations period for claims "brought against a person or entity which aided, abetted, or concealed . . . sexual assault or sexual abuse." W. Va. Code § 55-2-15(a). The district court concluded that tolling statute did not apply and dismissed plaintiff's claims as untimely. We review that decision "de novo, applying the same standards as the district court." *Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024).

On appeal, plaintiff makes three arguments. First, plaintiff contends the district court erroneously applied a heightened pleading standard requiring the complaint to use the "magic words" aided, abetted, or concealed to qualify for tolling. Pl.'s Br. 9. Second, plaintiff argues the complaint's allegations "fall within" the tolling statute because the statutory terms aided, abetted, or concealed include negligent conduct and the complaint alleged negligent conduct. *Id.* at 13. Third, plaintiff asserts the district court abused its

2

discretion by dismissing the complaint with prejudice instead of granting leave to amend.

Plaintiff's first argument—that the district court applied a heightened pleading standard—misreads the court's dismissal order. That order stated that "[t]he [c]omplaint does not contain any form of the words 'aided,' 'abetted,' or 'concealed,' *let alone allege any facts establishing* defendant 'aided, abetted, or concealed' plaintiff's alleged sexual assault or abuse." JA 67 (emphasis added). Far from requiring the specific words "aided, abetted, or concealed" to appear in the complaint, the dismissal order compared the complaint to the language of Section 55-2-15(a) and concluded that the former failed to plausibly allege facts establishing that plaintiff's claims are saved by the latter. See, *e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).

The difficulty with plaintiff's second argument—that the plain meaning of the terms aided, abetted, or concealed encompasses negligent conduct—is that it is being raised for the first time on appeal. Before the district court, plaintiff argued that the legislative intent behind Section 55-2-15(a) supported a broad reading of the statute and that a different subsection's use of the words "all actions" confirmed that broad reading.[*] But plaintiff never argued before the district court that the plain meaning of Section 55-2-15(a)'s terms includes *all* negligent conduct, including (as plaintiff now argues) that "the definition of 'abet' encompasses institutional failures that assist wrongdoing through deliberate inaction." Pl.'s Br. 10. Nor did plaintiff contest defendant's assertion in its motion to

---

[*] Plaintiff briefly gestures at these points while making the "magic words" argument. Even assuming these glancing references suffice to raise an issue for our review, we see no reversible error in the district court's rejection of them. See JA 68–69.

dismiss that the three terms used in the tolling statute "all require intent"—something negligence does not. JA 30.

True, in opposing defendant's motion to dismiss, plaintiff's district court briefing stated that "[a] strong argument can be made that facts showing" defendant "was negligent in its hiring, training, monitoring, and oversight of its institution constitutes aiding, abetting, and/or concealing the harm suffered by [p]laintiff as contemplated by" Section 55-2-15(a). JA 47. But that single-sentence assertion was part of a paragraph whose other three sentences all advanced plaintiff's argument that dismissal would be "premature" because plaintiff had not yet had an "opportunity to engage in discovery." *Id.* In other words, that paragraph made an argument about the *timing* of the district court's decision rather than the proper interpretation of Section 55-2-15(a)'s text. And even if an argument *could* "be made that facts showing [defendant] . . . was negligent . . . constitutes aiding, abetting, and/or concealing" (*id.*), plaintiff did not actually *make* any such argument before the district court. Instead, directly after the quoted statement, plaintiff's brief moved on to arguments about the merits of the four claims. Thus, as the dismissal order makes clear, the district court did not understand this sentence to be making a distinct statutory interpretation argument. See JA 68 n.3 (quoting the statement from plaintiff's briefing cited above and stating that "the [c]omplaint does not allege anywhere that defendant aided, abetted[,] or concealed plaintiff's alleged abuse").

Because plaintiff did not raise the second argument before the district court, that argument is forfeited, and we may not reverse on that basis "absent exceptional circumstances." *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (alterations and

4

quotation marks removed). Plaintiff makes no argument that high standard is satisfied here, nor do we see how it is. And even if we could somehow get past forfeiture, plaintiff cites almost no authority to support an argument about the plain meaning of Section 55-2-15(a)'s text. We therefore decline to decide this seemingly open question about the scope of West Virginia's tolling statute for claims brought by minor survivors of sexual abuse.

Finally, plaintiff's third argument—that the district court should have granted leave to amend—fails under this Court's precedent. To be sure, plaintiff's district court briefing twice referenced being allowed to file an amended complaint if the court was inclined to grant defendant's motion to dismiss. But plaintiff never actually moved for leave to amend under Federal Rule of Civil Procedure 15, nor did plaintiff submit a proposed amended complaint. As in past cases, we conclude the district court did "not abuse its discretion by declining to grant a request to amend when it [was] not properly made as a motion." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 218 (4th Cir. 2019); accord, *e.g.*, *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008); cf. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961–62 (4th Cir. 1996) (similar approach to a district court's grant of summary judgment when the nonmovant's request for additional discovery was "simply assert[ed] in its brief" instead of being made in a Rule 56(d) affidavit).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED*.

5